U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 26

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATHAN D. NEIGHBORS (TDCJ # 1435598) | § § § | |
| VS. | § | CIVIL NO.4:13-CV-583-A(BJ) |
| TOMMY L. SKAGGS | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Texas Department of Criminal Justice inmate/plaintiff Nathan D. Neighbors filed a new civil case, accompanied by a certificate of inmate trust account.[1] Resolution of the pro se plaintiff's fee-payment status was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Nathan D. Neighbors, also known as Nathan Darrell Neighbors, is the plaintiff. He has named as defendant Tommy L. Skaggs.

---

[1] As noted within this report, plaintiff Nathan D. Neighbors, aka Nathan Darrell Neighbors (TDCJ 1435598), has 3-strikes under 28 U.S.C. § 1915(g). In spite of that fact, he has filed numerous new civil cases in the last several weeks including: *Neighbors v. Anderson*, No.4:13-CV-539-A; *Neighbors v. Abbott*, No.4:13-CV-561-A; *Neighbors v. Guy*, No.4:13-CV-562-A; *Neighbors v. Allen*, No.4:13-CV-564-C; *Neighbors v. Skaggs*, No.4:13-CV-583-A; *Neighbors v. Nah*, No.4:13-CV-584-O; *Neighbors v. Myer*, No.4:13-CV-590-A; *Neighbors v. Womac*, No.4:13-CV-596-C; *Neighbors v. Johnson*, No.4:13-CV-600-A; and *Neighbors v. Winkle*, No.4:13-CV-601-O.

C. LEGAL ANALYSIS

This civil action was initiated by the filing of a civil complaint by inmate Neighbors. Although plaintiff Neighbors has not filed a motion for leave to proceed in forma pauperis, he has filed a certificate of inmate trust account, showing that he is the same Nathan Neighbors with a TDCJ number 1435598. Court records reveal that as a result of previously filing frivolous suits, Neighbors is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[2] Neighbors obtained the qualifying dismissals in this the United States District Court for the Northern District of Texas.[3] In this case, Neighbors has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g). Thus, the undersigned finds that Nathan D. Neighbors is not entitled to proceed *in forma pauperis* in this action and, if he wishes to proceed with this suit, he must pay the full filing and administrative fees.

---

[2] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

[3] See *Neighbors v. Anderson*, No.4:09-CV-167-A (N.D. Tex. May 12, 2009); *Neighbors v. Nut*, No. 4:09-CV-126-A (N.D. Tex. April 12, 2009); *Neighbors v. Winkle*, No. 4:09-CV-096-Y (N.D. Tex. April 7, 2009); *Neighbors v. Texas, et al.*, No.4:08-CV-677-Y (N.D. Tex. April 7, 2009); *Neighbors v. Texas, et al.*, No.4:08-CV-62-A (N.D. Tex. October 29, 2008).

RECOMMENDATION

It is therefore RECOMMENDED that Nathan D. Neighbors (TDCJ No. 1435598) should not be allowed to proceed in forma pauperis in this action and that he be denied the right to proceed in forma pauperis by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Neighbors that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the full filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 16, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate

---

[4] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until August 16, 2013 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED July 26, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE